**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---

**TIMOTHY WILLIAMS**
9701 Market St. Apt 328
Houston, Texas 77029
*Plaintiff, Pro Se,*

v. Civil Action No.: 4:25cv2905

United States Courts
Southern District of Texas
FILED
*June 18, 2025*
Nathan Ochsner, Clerk of Court

**CENCORA, INC.**
1 West First Avenue
Conshohocken, PA 19428

and

**LASH GROUP, a Cencora Affiliate**
1 West First Avenue
Conshohocken, PA 19428

*Defendants.*

---

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**DEMAND FOR JURY TRIAL**

---

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction under 28 U.S.C. § 1331 for claims arising under federal law, including the Health Insurance Portability and Accountability Act (HIPAA), and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and Defendants conduct substantial business in this district: United States District Court, Southern District of Texas, Houston Division

---

**PARTIES**

3. **Plaintiff Timothy Williams** is a natural person residing at 9701 Market St. Apt 328, Houston, Texas 77029, whose sensitive personal information was entrusted to Defendants in connection with healthcare and patient support services.

4. **Defendant Cencora, Inc.** (formerly AmerisourceBergen Corporation) is a global pharmaceutical solutions company with its principal place of business at 1 West First Avenue, Conshohocken, PA 19428, and operates throughout the United States, including this district.

5. **Defendant Lash Group** is a healthcare services affiliate of Cencora, Inc., with its principal place of business at 1 West First Avenue, Conshohocken, PA 19428, and provides patient support and reimbursement services to healthcare providers and patients nationwide.

---

## FACTUAL ALLEGATIONS

### The Data Breach Event

6. On or about April 10, 2025, Defendants' information systems were unlawfully accessed by unauthorized actors, resulting in the exfiltration and theft of Plaintiff's sensitive personal information.

7. The compromised information included Plaintiff's first name, last name, address, date of birth, health diagnosis, and/or medication and prescription information, as maintained in Defendants' files.

### Notification by Physical Letter

8. On May 28, 2025, Plaintiff received a physical letter from Cencora Inc. and Lash Group (attached as Exhibit A), confirming that Plaintiff's personal information had been compromised in the incident described above. The letter acknowledged that, at the time of the breach, Defendants did not have an appropriate Security Operations Center (SOC) or Service Organization Controls (SOC) in place to protect consumer and customer information.

### Defendants' Security Failures

9. Defendants failed to implement reasonable and industry-standard security measures, including but not limited to:

   - Failing to establish and maintain a Security Operations Center to monitor for unauthorized access
   - Failing to implement and audit Service Organization Controls
   - Failing to encrypt sensitive data and monitor digital access
   - Failing to timely detect and respond to unauthorized access

### Resulting Harm

10. As a direct and proximate result of Defendants' failures and the subsequent data breach, Plaintiff has suffered and continues to suffer:

    - Increased risk of identity theft, medical identity theft, and fraud
    - Out-of-pocket expenses for credit monitoring and identity theft protection
    - Emotional distress, anxiety, and loss of peace of mind

- Time and effort spent mitigating the effects of the breach, including placing fraud alerts, freezing credit, and monitoring accounts

---

**COUNT I: NEGLIGENCE**

11. Defendants owed Plaintiff a duty to exercise reasonable care in protecting Plaintiff's sensitive personal and health information.

12. Defendants breached this duty by failing to implement adequate security measures, including the absence of a Security Operations Center and Service Organization Controls.

13. The Defendants' breach of duty was the direct and proximate cause of the unauthorized access and theft of Plaintiff's personal information and the resulting damages.

---

**COUNT II: BREACH OF IMPLIED CONTRACT**

14. By collecting and storing Plaintiff's personal and health information, Defendants entered into an implied contract to protect that information and use it only for legitimate purposes.

15. Defendants breached this implied contract by failing to safeguard Plaintiff's information and permitting its unauthorized disclosure.

---

**COUNT III: INVASION OF PRIVACY**

16. Defendants' failure to secure Plaintiff's private information and subsequent unauthorized disclosure constitutes an invasion of Plaintiff's right to privacy under Pennsylvania and Texas law.

---

**COUNT IV: VIOLATION OF PENNSYLVANIA AND TEXAS CONSUMER PROTECTION LAWS**

17. Defendants' conduct violated applicable Pennsylvania and Texas consumer protection statutes by failing to implement reasonable security procedures and by failing to timely notify Plaintiff of the breach.

---

**DAMAGES**

18. **Economic Damages:**

    - Out-of-pocket costs for credit monitoring, identity restoration, and legal fees
    - Potential losses from identity theft or fraud

19. **Non-Economic Damages:**

    - Emotional distress, anxiety, and loss of peace of mind

- Time spent mitigating the breach's effects

20. **Punitive Damages:**

- Plaintiff seeks punitive damages due to Defendants' egregious and reckless disregard for data security and customer privacy.

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants and award the following relief:

1. Plaintiff seeks compensatory damages in an amount to be determined at trial, but no less than $75,000.00, for the harm suffered as a result of the discrimination and mistreatment of Plaintiff, a mentally ill student, and punitive damages in the amount of $100,000.00 for consequential and incidental damages for ongoing and future risks and losses;
2. Statutory damages under any applicable law;
3. Injunctive relief requiring Defendants to implement and maintain adequate data security measures and provide credit monitoring for affected individuals for at least three years;
4. Pre- and post-judgment interest as allowed by law;
5. Reasonable attorney's fees and costs (if represented);
6. Such other relief as the Court deems just and proper.

---

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues so triable.

---

Respectfully submitted,

**Timothy Williams**
Plaintiff, Pro Se
9701 Market St. Apt. 328
Houston, TX 77029
(713) 832-362-4481

**CERTIFICATE OF SERVICE**

I hereby certify that on __________, a copy of this Complaint was served by first-class mail on:

Cencora, Inc.
1 West First Avenue
Conshohocken, PA 19428

Lash Group
1 West First Avenue
Conshohocken, PA 19428

---

**EXHIBIT INDEX**

A. Breach Notification Letter from Cencora Inc. and Lash Group (dated May 28, 2025)

---